CLD-329                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3048
_____

IN RE:  DAVID ROBINSON,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-13-cv-01796)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 11, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 25, 2013)
_____

OPINION
_____

PER CURIAM

      David Robinson, a prisoner at F.C.I. Fort Dix, New Jersey, filed a petition for writ

of habeas corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the

District of New Jersey in late February 2013.  Initially, the case was administratively

terminated by the District Court for Robinson's failure to pay the filing fee.  Robinson

subsequently paid the filing fee and filed a motion to reopen the case on April 15, 2013.

The District Court has not ruled on the motion to reopen the case or on Robinson's

habeas petition.

On July 3, 2013, Robinson filed a petition for a writ of mandamus to compel the District Court to rule on his pending habeas petition in a "speedy manner". Asserting his innocence, Robinson argues that he is entitled to mandamus relief because the lack of a ruling on his petition and the delay by the District Court violate due process.

We will deny Robinson's petition for a writ of mandamus. Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976); In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir.1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir.1982), and there is no "clear and indisputable" right to have a District Court handle a case in a certain manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). However, an appellate court may issue a writ of mandamus when an undue delay in adjudication can be considered a failure to exercise jurisdiction that rises to the level of a due process violation. See Madden, 102 F.3d at 79.

The almost five-month delay complained of by Robinson is not tantamount to a failure to exercise jurisdiction. See id., (noting that a seven-month delay in adjudicating a habeas petition may be "of concern"). Moreover, less than three months have passed since Robinson moved to reopen the case. This delay "does not yet rise to the level of a denial of due process." Id. The District Court has not failed to exercise jurisdiction over

2

Robinson's case, and we are confident that the District Court will expeditiously rule on

Robinson's motion.[1]  Therefore, we will deny the petition for a writ of mandamus.

---

[1] To the extent that Robinson seeks relief relating to the merits of the claims raised in his habeas petition his argument is unavailing; mandamus is not an alternative to appeal.  <u>In re Chambers Dev. Co.</u>, 148 F.3d 214, 233 (3d Cir. 1998).